Matter of Primes (2018 NY Slip Op 05473)





Matter of Primes


2018 NY Slip Op 05473


Decided on July 25, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
LEONARD B. AUSTIN, JJ.


2017-11691

[*1]In the Matter of Brian D. Primes, admitted as Brian David Primes, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Brian D. Primes, respondent. (Attorney Registration No. 2790418)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on November 27, 1996, under the name Brian David Primes.



Gary L. Casella, White Plains, NY (Antonia Cipollone of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On November 20, 2017, the Grievance Committee for the Ninth Judicial District personally served the respondent with a notice of petition dated November 20, 2017, and a verified petition dated November 16, 2017, and duly filed those papers with this Court together with an affidavit of service. The petition contains 15 charges alleging, among other things, that the respondent breached his fiduciary duty to safeguard and account for client funds, misappropriated client funds, failed to properly identify the records of an attorney special account, commingled client funds with personal funds, and failed to produce requested records, in violation of rules 1.15(a) and (b)(2) and 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0), respectively. The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the notice of petition and the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed.
The Grievance Committee now moves to deem the charges against the respondent established, and to impose such discipline upon him as this Court deems appropriate, based upon his default. This motion was served upon the respondent on March 19, 2018, and proof of service was filed with this Court. To date, the respondent has failed to submit papers in response to this motion or to file an answer to the verified petition. By separate motion, the Grievance Committee moves for an order, inter alia, immediately suspending the respondent from the practice of law pursuant to 22 NYCRR 1240.9(a)(3) and (5), upon a finding that he is guilty of professional misconduct immediately threatening the public interest. To date, the respondent has failed to submit papers in response to this motion.
Accordingly, the Grievance Committee's motion to deem the charges in the verified petition dated November 16, 2017, established is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. The motion seeking to immediately suspend the respondent from the practice of law is denied as academic.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and AUSTIN, JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charges in the verified petition dated November 16, 2017, established is granted, and the Grievance Committee's motion to immediately suspend the respondent, Brian D. Primes, admitted as Brian David Primes, from the practice of law is denied as academic; and it is further,
ORDERED that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Brian D. Primes, admitted as Brian David Primes, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Brian D. Primes, admitted as Brian David Primes, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Brian D. Primes, admitted as Brian David Primes, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Brian D. Primes, admitted as Brian David Primes, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court